UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY MITCHELL,

    Plaintiff,

v.     Case No. 06-12250

JO ANNE B. BARNHART,     Honorable Patrick J. Duggan
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 13, 2007.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Terry Mitchell ("Plaintiff") applied for Supplemental Security Income ("SSI") on June 12, 2002, alleging disability since May 1, 2002, due to HIV. Following a de novo hearing on June 2, 2005, before Administrative Law Judge Henry Perez Jr. ("ALJ"), Plaintiff's application was denied on November 4, 2005.

In his Decision, the ALJ determined that Plaintiff was not entitled to disability benefits. (*See generally* A.R. 12-20.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the onset of his disability and that Plaintiff's HIV, chronic inflammatory demyelinating polyneuropathy (CIPD), diabetes mellitus, and

depression were considered severe. (A.R. 19.) The ALJ also found that Plaintiff's conditions did not meet or equal the requirements listed in Appendix 1, Subpart P, Regulation No. 4. (*Id.*) The ALJ, however, determined that Plaintiff's allegations regarding his limitations were not fully credible. (*Id.*) After finding that Plaintiff retained the residual functional capacity to perform a limited range of unskilled sedentary work, the ALJ found that although Plaintiff had no past relevant work, there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (A.R. 19-20.) Thus, the ALJ concluded that Plaintiff was not under a "disability" as defined by the Social Security Act, 42 U.S.C. § 401 *et seq.* (A.R. 20.) The ALJ's decision became the Commissioner of Social Security's final decision when the Appeals Council denied Plaintiff's request for review. (*See* A.R. 4-6.)

On May 17, 2006, Plaintiff filed this lawsuit pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) challenging the final decision of the Commissioner of Social Security[1] ("Defendant") denying his application for SSI. Plaintiff filed his Motion for Summary Judgment on August 25, 2006, and on October 25, 2006, Defendant filed her Motion for Summary Judgment. This Court previously referred all non-dispositive motions and the issuance of a report and recommendation to Magistrate Judge Steven D. Pepe on May 17, 2006.

On May 31, 2007, Magistrate Judge Pepe filed his Report and Recommendation

---

[1]At the time Plaintiff filed this lawsuit, the Commissioner of Social Security was Joanne B. Barnhart. As of February 12, 2007, Michael J. Astrue is the Commissioner of Social Security.

("R&R") recommending that Defendant's Motion for Summary Judgment be denied, Plaintiff's Motion for Summary Judgment be granted, and this matter be remanded. (R&R at 16.) At the conclusion of the R&R, Magistrate Judge Pepe advises the parties that they may object and seek review of the R&R within ten days of service upon them. (*Id.*) The R&R also advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* (citing *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)).² Neither party filed objections to the R&R.

The Court has carefully reviewed the R&R and concurs with Magistrate Judge Pepe's conclusion that Defendant's Motion for Summary Judgment should be denied, Plaintiff's Motion for Summary Judgment should be granted, and this matter should be remanded.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Summary Judgment is **DENIED,** Plaintiff's Motion for Summary Judgment is **GRANTED**, and this matter is **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to

---

²The Sixth Circuit in *United States v. Walters* held that a party waives his or her right to appeal by failing to file objections to a magistrate judge's report and recommendation within ten days, provided the magistrate judge notified the parties that failure to file objections constitutes a waiver of appeal. 638 F.2d 957, 949-50 (6th Cir. 1981). The power to impose such an administrative rule was affirmed by the Supreme Court in *Thomas v. Arn*, 474 U.S. 140, 105 S. Ct. 466 (1985). *See also Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Because Magistrate Judge Pepe notified the parties that failure to file objections would constitute a waiver of their right to appeal and the parties failed to file any objections to the R&R, the parties have waived their right to appeal.

"sentence four" of 42 U.S.C. § 405(g).

                                                        s/PATRICK J. DUGGAN
                                                       UNITED STATES DISTRICT JUDGE

Copies to:
Chris E. Davis, Esq.
James A. Brunson, AUSA
Magistrate Judge Steven D. Pepe